[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1991, defendant-appellant Terry Snow pleaded guilty to one count of rape in violation of R.C. 2907.02, and the remaining counts relating to gross sexual imposition and rape were dismissed. Snow was sentenced as appears of record. While serving his sentence, Snow was ordered to return to the trial court for a sexual-predator hearing. Following the hearing, Snow was adjudicated a sexual predator. Snow appeals this adjudication, asserting that the trial court erred in finding him to be a sexual predator.
To obtain a sexual-predator adjudication, the state is required to prove by "clear and convincing" evidence that the offender has pleaded guilty to or has been found guilty of a sexually-oriented offense, and that the offender is likely to commit another sexually-oriented offense.[1] The model procedure for a sexual-offender-classification hearing calls for the court to do the following: (1) provide a record for appellate review that bears upon whether the offender is likely to recidivate; (2) consider the R.C. 2950.09(B)(2) factors and discuss how the evidence relates to those factors; and (3) permit the admission of expert testimony, where required, to assist the court in making its adjudication.[2] We review sexual-predator determinations under the civil standard where qualitative and quantitative distinctions between weight and sufficiency of the evidence are not recognized.[3]
It is uncontested in this case that Snow was found guilty of rape, which is a sexually-oriented offense. The issue, therefore, is whether the record established that he is likely to commit another sexually-oriented offense in the future. The evidence showed that Snow had forcibly raped and molested his girlfriend's daughter several times and warned the victim not to tell anyone. The victim was between the age of five and seven years old at the time of the offense. While Snow had graduated from the Polaris program, received a certificate of training for sex education, obtained two associate degrees from Hocking College, and logged many hours of volunteer time during his incarceration, the trial court found that, due to the age of the victim, the age of the offender, the nature of the sexual conduct, the use of cruelty, and the fact that Snow's behavior demonstrated a pattern of abuse, Snow was a sexual predator.[4] Based on the record and the court's findings, we hold that competent, credible evidence supports the determination that Snow is likely to commit a sexually-oriented offense in the future.[5]
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 2950.01(E).
[2] See State v. Eppinger (2001), 91 Ohio St.3d 158, 166-167,743 N.E.2d 881, 888.
[3] See State v. Hunter (June 1, 2001), Hamilton App. No. C-000266, unreported. But, see, State v. Morrsion (Sept. 20, 2001), Franklin App. No. 01AP-66, unreported (applying the criminal standards).
[4] See R.C. 2950.09(B)(2).
[5] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.